UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY STEINBERGIN,

                              Plaintiff,

-against-

CITY OF NEW YORK, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS NEW YORK CITY POLICE OFFICERS, JAMAL HAIRSTON, UNDERCOVER OFFICER 0076, UNDERCOVER OFFICER 0039, AND JOHN OR JANE DOE 1-10,

                              Defendants.

**STIPULATION AND PROTECTIVE ORDER REGARDING DEPOSITIONS OF UNDERCOVER OFFICERS**

No. 19-CV-01314 (JMF)

      **WHEREAS,** Plaintiff Troy Steinbergin has noticed the depositions of defendants UNDERCOVER OFFICERS "0076" and "0039," who are both active members and active undercover officers of the New York City Police Department ("NYPD"); and

      **WHEREAS,** plaintiff has indicated in the notices of depositions that the depositions will be recorded by stenographic and/or audiovisual means;

      **WHEREAS**, defendant THE CITY OF NEW YORK (hereinafter "defendant City") deems the likeness of current and former members of the NYPD, whether by photograph or videotape, to be confidential or otherwise inappropriate for public disclosure;

      **WHEREAS**, defendant City objects to the videotaping of any active undercover officers; and

      **WHEREAS,** defendant City objects to the production of the active undercover officers at a depositions without certain protection of their identities;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that UNDERCOVER OFFICERS "0076" and "0039," will be produced for their depositions, subject to the following conditions:

1. The deposition of Undercover Officers Nos. 0076 and 39 (hereinafter, "UC Nos. 76 and 39"), will take place at the Office of Corporation Counsel at 100 Church Street, New York, NY.

2. ~~UC Nos. 76 and 39 will appear at the depositions in a disguise to be determined by defense counsel and/or will testify behind a screen.~~

3. No audio or video recording equipment will be utilized to record the depositions of UC Nos. 76 and 39.

4. Plaintiff will not be present at the depositions of UC Nos. 76 and 39 or within 100 feet of the vicinity of 100 Church Street, New York, New York, on the date of the depositions.

5. Counsel for plaintiff will not document, convey in words, disseminate, or share by any other means of communication the physical description or identifying characteristics of UC Nos. 76 and 39, including gender, with anyone, including plaintiff.

6. Plaintiff's counsel will not discuss UC Nos. 76 and 39's physical description at the depositions, on the record, or with anyone thereafter, including plaintiff.

7. The court reporter present at the depositions will not discuss UC Nos. 76 and 39's physical description at the depositions, on the record, or with anyone thereafter, including plaintiff.

8. Neither plaintiff's counsel nor the court reporter will take any video tape, photographs, or any other likeness of UC Nos. 76 and 39.

9. Neither plaintiff's counsel nor the court reporter shall use his or her cell phones while UC Nos. 76 and 39 is present.

10. In the event the identity of UC Nos. 76 and 39 is ever disclosed, whether intentionally or inadvertently, plaintiff's counsel agrees not to disclose that information to plaintiff or any third party.

11. The terms of this Stipulation will apply to the court reporter recording the deposition testimonies of UC Nos. 76 and 39. The court reporter is required to sign the corresponding Exhibit A before the commencement of the deposition of each witness.

12. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents herein, for any purpose without prior Court approval.

13. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

14. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

Dated: New York, New York
      February _____, 2020

SAMUEL C. DEPAOLA, ESQ. P.C.  
*Attorney for Plaintiff*  
42-40 Bell Blvd.  
Bayside, New York 11361  
(718) 281-0400

JAMES E. JOHNSON  
Corporation Counsel of the City of New York  
*Attorney for Defendants Jamal Hairston, Undercover Officer 0076, and Undercover Officer 0039*  
100 Church Street  
New York, New York 10007

By: _____  
    Samuel C. DePaola  
    *Attorney for Plaintiff*

By: _____  
    Lucienne Pierre  
    *Senior Counsel*  
    Special Federal Litigation Division

SO ORDERED:

_____  
HON. JESSE M. FURMAN  
UNITED STATES DISTRICT JUDGE

Dated: February \_\_\_\_27\_\_\_\_, 2020

EXHIBIT A

The undersigned hereby acknowledges that (s)he has read and understands the terms of the **Stipulation And Protective Order Regarding Depositions Of Undercover Officers** entered by the United States District Court for the Southern District of New York on February _____, 2020, in the action entitled Troy Steinbergin v. City of New York, et al., 19-CV-01314 (JMF).  The undersigned agrees not to disclose any information regarding the identity of any undercover officer to any person other than counsel for the parties in this case.

_____         _____
          Date                                                        Signature

                                                                          _____
                                                                                 Print Name

                                                                           _____
                                                                                 Company